TODD KIM
Assistant Attorney General
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C. 20001
Telephone (202) 514-0375

*Attorneys for Defendant*

ROBERT UKEILEY, Admitted *Pro Hac Vice*
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

[additional attorneys for Plaintiffs included in signature block]

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No. 4:22-cv-02285-HSG<br><br>**[PROPOSED] CONSENT DECREE** |

WHEREAS, on April 13, 2022, Plaintiffs Center for Biological Diversity and Center for Environmental Health (collectively, "Plaintiffs") filed the above-captioned matter against Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA" or "Defendant") (Dkt. No. 1) ("Compl.");

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under section 304(a)(2) of the CAA, *id*. § 7604(a)(2), and are seeking declaratory and injunctive relief as well as attorney fees and other costs of litigation pursuant to CAA section 304(a), *id*. § 7604(a), Compl. at 16;

WHEREAS, pursuant to CAA section 109(d)(2), 42 U.S.C. § 7409(d)(2), "[n]ot later than December 31, 1980, and at five-year intervals thereafter, the Administrator shall complete a thorough review of the criteria published under section 7408 of this title and the national ambient air quality standards promulgated under this section and shall make such revisions in such criteria and standards and promulgate such new standards as may be appropriate in accordance with section 7408 of this title and subsection (b) of this section;"

WHEREAS, CAA section 109(d)(2), provides that "[a]ny national secondary ambient air quality standard prescribed under subsection (a) shall specify a level of air quality the attainment and maintenance of which in the judgment of the Administrator, based on such criteria, is requisite to protect the public welfare from any known or anticipated adverse effects associated with the presence of such air pollutant in the ambient air. Such secondary standards may be revised in the same manner as promulgated;"

WHEREAS, in Claim 1, Plaintiffs allege that EPA has violated a nondiscretionary duty under CAA section 109(d)(2), 42 U.S.C. § 7409(d)(2), to complete a five-year review of the secondary National Ambient Air Quality Standards ("NAAQS") for oxides of nitrogen ("NO$_X$"), Compl. ¶¶ 41-45;

WHEREAS, in Claim 2, Plaintiffs allege that EPA has violated a nondiscretionary duty under CAA section 109(d)(2), 42 U.S.C. § 7409(d)(2), to complete a five-year review of the secondary NAAQS for sulfur oxides ("SO$_X$"), Compl. ¶¶ 47-51;

WHEREAS, in Claim 3, Plaintiffs allege that EPA has violated a nondiscretionary duty under CAA section 109(d)(2), 42 U.S.C. § 7409(d)(2), to complete a five-year review of the secondary NAAQS for particulate matter ("PM"), Compl. ¶¶ 53-57;

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations;

WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree (the "Consent Decree"), do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendant EPA, it is hereby ordered, adjudged and decreed that:

1. The appropriate EPA official shall:

   a. sign a notice of proposed rulemaking setting forth its proposed decision pursuant to 42 U.S.C. § 7409(d)(1) concerning its review of the secondary NAAQS for $NO_X$ and $SO_X$, and the secondary NAAQS for PM for ecological effects, and including such revisions to these NAAQS and/or such new secondary NAAQS for $NO_X$, $SO_X$, and PM as may be appropriate in accordance with 42 U.S.C. §§ 7408 and 7409(b) no later than Feb. 9, 2024; and

   b. sign a notice of final rulemaking setting forth its final decision pursuant to 42 U.S.C. § 7409(d)(1) concerning its review of the secondary NAAQS for $NO_X$ and $SO_X$, and the secondary NAAQS for PM for ecological effects, and including such revisions to these NAAQS and/or such new secondary NAAQS for $NO_X$, $SO_X$, and PM as may be appropriate in accordance with 42 U.S.C. §§ 7408 and 7409(b) no later than Dec. 10, 2024.

2. EPA shall, within 15 business days of signature of each action set forth in Paragraph 1, send notice of the action to the Office of the Federal Register for review and publication in the *Federal Register*.

3. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree, after notice of each final action required by Paragraph 2 has been published in the *Federal Register*, and the issue of costs of litigation, including reasonable attorneys' fees, has been resolved, EPA may move to have this Consent Decree terminated. Plaintiffs shall have 14 days to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond. The basis of Plaintiffs' opposition to such motion shall be limited to whether EPA has failed to perform or failed to completely perform the actions required by this Consent Decree.

4. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon

consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following the filing of a motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

5. If a lapse in EPA appropriations occurs within one hundred twenty (120) days prior to a deadline in Paragraphs 1 or 2 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 4.

6. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of any and all claims in this case.

7. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

8. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 9 has been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

9. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such

request. The Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorney fees.

10. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including attorney fees).

11. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any final rule or determination issued by EPA pursuant to this Consent Decree, (b) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), or (c) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1)..

12. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

13. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

14. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

15. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

16. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

17. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

<u>For Plaintiffs Center for Biological Diversity and Center for Environmental Health</u>:

> Robert Ukeiley
> Center for Biological Diversity
> 1536 Wynkoop St., Ste. 421
> Denver, CO 80202
> Tel: (720) 496-8568
> Email: rukeiley@biologicaldiversity.org

<u>For Defendant EPA</u>:    Leslie M. Hill
> U.S. Department of Justice
> Environment & Natural Resources Division
> Environmental Defense Section
> 4 Constitution Square
> 150 M Street N.E., Suite 4.149
> Washington D.C. 20001
> Tel. (202) 514-0375
> Email: leslie.hill@usdoj.gov

18. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in

[PROPOSED] CONSENT DECREE
CASE NO. 4:22-cv-02285-HSG
Page 7

contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

20. The undersigned representatives of Plaintiffs and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

IT IS SO ORDERED on this _____ day of _____, 2022.

_____
HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

COUNSEL FOR PLAINTIFFS:

ROBERT UKEILEY, Admitted Pro Hac Vice
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

Jonathan Evans (Cal. Bar #247376)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: 510-844-7100
Fax: 510-844-7150
Email: jevans@biologicaldiversity.org

*Attorneys for Plaintiffs*

COUNSEL FOR DEFENDANT:

LESLIE M. HILL (D.C. Bar No. 476008)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C. 20001
Tel. (202) 514-0375
Email: Leslie.Hill@usdoj.gov

*Attorneys for Defendant EPA*

Of counsel:

David Orlin
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460